1  Rachel A. Straus (SBN 268836)
   rstraus@shb.com
2  SHOOK, HARDY & BACON L.L.P.
   2049 Century Park East, Suite 3000
3  Los Angeles, California 90067
   Telephone:   424.285.8330
4  Facsimile:   424.204.9093

5  Attorneys for Defendant
   WHIRLPOOL CORPORATION
6

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | ARISHA BYARS, individually and on behalf of all others similarly situated, | Case No. 5:22-cv-02030 |
12 | | **DEFENDANT'S NOTICE OF REMOVAL OF ACTION** |
13 | Plaintiff, | |
14 | v. | [From the Superior Court of California, County of San Bernardino, Case No. CIV SB 22 15944] |
15 | WHIRLPOOL CORP., a Delaware corporation; and DOES 1 through 25, inclusive, | |
16 | Defendant. | Action Filed: July 22, 2022
Action Removed: November 16, 2022 |

TO THE CLERK OF THE OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, defendant Whirlpool Corp. ("Whirlpool"), hereby removes the above-captioned putative class action from the Superior Court of California, County of San Bernardino, to the United States District Court for the Central District of California.

1. On September 14, 2022, Plaintiff filed a putative class action complaint against Whirlpool in the Superior Court of California, County of San Bernardino, captioned *Arisha Byars v. Whirlpool Corp*. Case No. CIV SB 2215944 (the "State Court Action").

2. A copy of the complaint in the State Court Action is attached hereto as **Exhibit A** (the "Complaint").

3. The Complaint alleges that Whirlpool's website, http://www.whirlpool.com (the "Website") "secretly deployed 'keystroke monitoring' software that [Whirlpool] uses to surreptitiously intercept, monitor, and record the communications (including keystrokes and mouse clicks) of all of visitors to its Website." Plaintiff alleges that Whirlpool "has violated and continues to violate the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631." (See Compl., ¶¶ 1–3.)

4. Plaintiff purports to bring the claims on behalf of a California class of persons, with the following proposed membership:
> All persons within California, who (1) within one year of the filing of this Complaint visited Defendant's website, and (2) whose electronic communications were caused to be intercepted, recorded, and/or monitored by Defendant without prior consent.

(*Id*. ¶ 19.)

5. Plaintiff believes the number of putative class members to be "in the tens of thousands, if not more." (Compl., ¶ 20.)

6. Plaintiff asserts that Plaintiff and each putative class member is entitled to statutory damages of at least $2,500 per violation, plus injunctive relief, punitive damages, and attorneys' fees and costs. (Compl., ¶ 31.) Plaintiff also seeks prejudgment interest. (*Id*. at p. 7, ¶ 7).

7. On October 17, 2022, Plaintiff served the Complaint and Summons on Whirlpool. The time for Whirlpool to answer or otherwise plead in the State Court Action has not expired.

8. This Notice of Removal is filed within the time prescribed under 28 U.S.C. § 1446(b).

## GROUNDS FOR REMOVAL

9. This Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act ("CAFA").

10. Under CAFA, codified in relevant part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), this Court has original jurisdiction over this action because: (1) this is a class action where the putative class includes more than 100 members; (2) there is minimal diversity of citizenship; and (3) the amount in controversy exceeds $5,000,000.

11. "No antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id*. (quoting S. Rep. No. 109-14, p. 43 (2005)).

**This Is a "Class Action" With More Than 100 Putative Class Members**

12. This action meets CAFA's definition of a class action, which is "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

13. The putative class Plaintiff seeks to represent includes more than 100 members; indeed, Plaintiff alleges that she "believes the number to be in the tens of thousands, if not more." (Compl., ¶ 20.)

**There Is Minimal Diversity of Citizenship**

14. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

15. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that Plaintiff "is an adult resident of California." (Compl. ¶ 7.) Whirlpool is informed and believes that Plaintiff is a citizen of California.

16. Further, all putative class members would be citizens of California because Plaintiff seeks to enforce the California Penal Code, which does not apply extraterritorially.

17. For CAFA removal purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *accord United Computer Systems, Inc. v. AT&T Corp.,* 298 F.3d 756, 763 (9th Cir. 2002).

18. Whirlpool is a corporation formed under the laws of Delaware and headquartered in Michigan. (Request for Judicial Notice, Ex. 1.) Therefore, Whirlpool is diverse from Plaintiff and all putative class members.

**The Alleged Amount in Controversy Exceeds $5,000,000**

19. The amount in controversy requirement under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA expressly requires that "the claims of the individual class members shall be aggregated[.]" 28 U.S.C. § 1332(d)(6).

20. The bar for establishing the amount in controversy is low—the notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

21. Whirlpool denies the validity and merit of Plaintiff's claim, the legal theories upon which it is based, and that Plaintiff and the putative classes are entitled to any alleged claim for monetary or other relief. Solely for the purposes of removal, however, and without conceding that Plaintiff or the putative class is entitled to damages, the aggregated claims alleged on behalf of the putative classes establish that the amount in controversy exceeds the jurisdictional minimum of $5,000,000.

22. Plaintiff seeks to represent a putative class she estimates to be in the tens of thousands, and she seeks at least $2,500 in statutory damages for each putative class member for each alleged violation—it would take only a fraction of this membership (2,000 members) in the putative class to put $5,000,000 of statutory damages in play.

23. Whirlpool agrees that at least 2,000 Californians visited the Website during the class period.

24. When a plaintiff "is seeking recovery from a pot that Defendant has shown could exceed $5 million," the amount in controversy is satisfied for purposes of CAFA jurisdiction. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010).

25. Moreover, Plaintiff seeks injunctive relief, attorneys' fees, and punitive damages in this putative class action Complaint, and each of those also adds to the amount in controversy. *See In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001) (the potential cost to the defendant of complying with the injunction creates the amount in controversy for jurisdictional purposes"); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 n. 2 (9th Cir. 2018) (amount in controversy includes all reasonable attorneys' fees not merely through the date of removal, but through resolution of the action); *Bayol v. Zipcar, Inc.*, No. 14-CV-02483-TEH, 2015 WL 4931756, at *9 (N.D. Cal. Aug. 18, 2015) (applying "conservative" 1:1 ratio for punitive damages as allowed under the CLRA to hold that the federal court had jurisdiction under CAFA).

26. Whirlpool denies that Plaintiff is entitled to any punitive or other damages whatsoever, or to injunctive relief or attorneys' fees, but even a conservative one-to-one ratio for putative damages would further elevate the amount in controversy well above the $5,000,000 CAFA statutory minimum. If challenged to do so by Plaintiff or this Court, Whirlpool can and will present evidence to establish by a preponderance of evidence that Plaintiff's claims exceed the jurisdictional minimum of $5,000,000.00. *Dart Cherokee*, 574 U.S. at 87 (explaining that a removing defendant need only present a short and plain statement of the grounds for federal jurisdiction in its removal papers and need not present evidence to establish the amount in controversy until challenged to do so).

## REMOVAL IS PROCEDURALLY PROPER

27. Removal is timely because Whirlpool filed this notice within thirty days of Plaintiff's October 17, 2022 service of the Complaint on Whirlpool. *See* 28 U.S.C. § 1446(b)(1).

28. Removal to this Court is proper because the United States District Court for the Central District of California embraces the location where the State Court Action was commenced and is pending—San Bernardino, California. *See* 28 U.S.C. §§ 89(b), 1441(a).

29. Whirlpool submits with this notice a copy of all process, pleadings, and orders served upon it in this action as **Exhibit B**. *See* 28 U.S.C. § 1446(a). Whirlpool will provide prompt written notice to Plaintiff, through counsel, of this removal, in accordance with 28 U.S.C. § 1446(d).

31. Whirlpool will promptly file a copy of this notice of removal with the Clerk of the Superior Court of the State of California in and for the County of San Bernardino in accordance with 28 U.S.C. § 1446(d).

32. Moreover, Plaintiff does not plan on opposing removal of the State Court Action.

## NON-WAIVER

33. If the Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the time within which to remove will have not begun to run, and Whirlpool reserves the right to remove this action at the appropriate time. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

34. Whirlpool does not waive, and expressly preserves, all objections and defenses it may have, including but not limited to those permitted pursuant to Rules 4 and 12 of the Federal Rules of Civil Procedure.

Dated:  November 16, 2022                Respectfully submitted,

SHOOK, HARDY & BACon L.L.P.

By: */s/ Rachel A. Straus*
     Rachel A. Straus

Attorneys for Defendant
WHIRLPOOL CORPORATION